**Omar LOPEZ, a.k.a. Rodolfo
Rodriguez, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 12–71541.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 24, 2014.

Richard Miyamoto, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nehal Kamani, Oil, Victor Manuel Mercado–Santana, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Omar Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir.2011), and we deny the petition for review.

The BIA did not abuse its discretion in denying Lopez's motion to reopen as untimely where it was filed over a year after his removal order became final, *see* 8 U.S.C. § 1229a(b)(5)(C)(i) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days after the date of the removal order), and Lopez failed to set forth a basis for equitable tolling of the filing deadline, *see Avagyan*, 646 F.3d at 679 (equitable tolling of the filing deadline is available where petitioner establishes that he was prevented from filing because of deception, fraud or error, and acted with due diligence in discovering such circumstances).

## PETITION FOR REVIEW DENIED.

**Emilio Abraham Barahona SORIANO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 12–71692.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2014.

Filed Jan. 24, 2014.

Jon Wu, Wu Jon Law Corporation, San Mateo, CA, for Petitioner.

OIL, David Nicholas Harling, Trial, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

[**] This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM *

Emilio Abraham Barahona Soriano petitions for review of a Board of Immigration Appeals (BIA) decision denying him withholding of removal and deferral of removal under the Convention Against Torture (CAT).

We reject Barahona's claim that the BIA erred in determining that his prior state conviction was for a particularly serious crime.[1] To the extent Barahona contends that the BIA erred in assessing the facts underlying that conviction, we lack jurisdiction to consider his claims. *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir.2012). We have jurisdiction over the remainder of Barahona's arguments under 8 U.S.C. §§ 1252(a)(1), 1252(a)(2)(D).

We reject Barahona's argument that the BIA relied solely on the "police report" to the exclusion of other relevant evidence in determining that his state conviction was for a particularly serious crime. The BIA stated that it considered Barahona's "conviction record," a collection of documents including an "Abstract of [Judgment], criminal information, a verbatim transcript of the respondent's guilty plea colloquy, hospital records, and witness statements." All of those documents are "reliable information" that the BIA may consider under *In re N–A–M–*, 24 I. & N. Dec. 336, 342 (BIA 2007).

Nor did the BIA err in relying on *N–A–M–* and *Matter of R–A–M–*, 25 I. & N. Dec. 657 (BIA 2012), in determining whether Barahona's conviction was for a particularly serious crime. Although neither case analyzed a crime of domestic violence, each was a precedential decision

articulating the general standard for evaluating whether a prior offense was a particularly serious crime, and the BIA correctly applied this framework. *See* 8 C.F.R. § 1003.1(g) (explaining the precedential effect of designated BIA opinions). The BIA did not rely on *In re S–V–*, 22 I. & N. Dec. 1306 (BIA 2000), and so we need not consider it here. *See Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir.2009).

The BIA's rejection of Barahona's CAT claim was supported by substantial evidence in the record, including the country report, which recounted the Salvadoran government's efforts to protect homosexuals from discrimination. The BIA did not err in rejecting Barahona's CAT claim on the grounds that there was insufficient evidence of government acquiescence in torture and that Barahona had not demonstrated that he personally was more likely than not to be tortured. The record does not compel a contrary conclusion, because Barahona did not establish either "the likelihood that any one member of [the LGBT community] will be *tortured*—as opposed to being persecuted or discriminated against," *Alphonsus v. Holder*, 705 F.3d 1031, 1049 (9th Cir.2013), or that the police refuse to investigate or prosecute crimes against homosexuals.

Finally, Barahona's due process claim fails because the record demonstrates that Barahona received "a full and fair opportunity to be represented by counsel, to prepare an application for [asylum or other] relief, and to present testimony and other evidence in support of the application," which is all that due process requires. *Vargas–Hernandez v. Gonzales*, 497 F.3d

ed by 9th Cir. R. 36–3.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.